DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | CASE NO. 1:05 CR 410 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| Alex Harper, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    The defendant Alex Harper has entered pleas of guilty to robbing five banks in Northern Ohio, beginning on June 22, 2005, and including subsequent robberies on July 9, July 15, July 19 and August 2, 2005. The fifth robbery resulted in his arrest and confession to the five bank robberies. His girlfriend and co-defendant, Natasha Walker, was involved in the fifth robbery and has also enterd a plea of guilty, and like Harper, awaits sentencing.

    Walker's role in the fifth bank robbery was limited to preparing the hand-printed note passed to the teller by Harper and which stated "Don't say a word. Give me all the money in the drawer. I have a bomb strapped to my chest and a gun in my pocket. Be quick. Quiet. I don't want to hurt you." The factual basis for Harper's pleas to the first four robberies indicates similar worded notes were used.

    In the extensive sentencing memorandum filed by Harper's counsel, the need for the support of Harper's four year old son born out of wedlock when Harper was apparently 17 and the fact of Harper's father's cancer as well as Harper's good works are all set forth as an argument for the Court to engage in a variation from the advisory guideline sentencing range of

(1:05 CR 410)

57 to 71 months. In a letter submitted by Harper to the Court, Harper insists that he is not a "criminal"; that his concern for his son was 90% of the reason for his conduct and pleads for a sentence of probation so that he can prove to the Court that he will not again engage in criminal conduct. He does not explain why he chose to engage his girlfriend and co-defendant, Natasha Walker, in his criminal episodes nor does Harper indicate that he would have stopped his criminal rampage had he not been apprehended after the fifth robbery on August 2, 2005.

After a careful consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds no basis to vary from the advisory guideline calculation which calls for a range of 57 to 71 months and under all the circumstances, the Court finds a sentence within that range to be reasonable. Given the good works of the defendant and the likelihood that he will not repeat criminal conduct, the Court finds a sentence of 57 months to be reasonable and the Court notes that such a sentence results in a sentence of less than one year for each bank robbery.

IT IS SO ORDERED.

  December 16, 2005     　　　　　　 */s/ David D. Dowd, Jr.*
Date　　　　　　　　　　　　　　　　David D. Dowd, Jr.
　　　　　　　　　　　　　　　　　　U.S. District Judge